UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD O'CONNOR, individually, and
on behalf of others similarly situated

    Plaintiff,

v.                                Case No: 2:16-cv-608-FtM-99MRM

WORTHINGTON PJ, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court are the Joint Motion for Preliminary Approval of Settlement, Appointment of Class Representatives and Class Counsel, and Certification of Rule 23 Settlement Class (Doc. 36) filed on March 31, 2017 and Plaintiffs' Motion for an Award of Attorneys' Fees and Costs Pursuant to 29 U.S.C. § 216(b) (Doc. 42) filed on April 7, 2017. For the reasons explained herein, the Undersigned recommends that the Joint Motion for Preliminary Approval of Settlement, Appointment of Class Representatives and Class Counsel, and Certification of Rule 23 Settlement Class (Doc. 36) be **GRANTED** and that Plaintiffs' Motion for an Award of Attorneys' Fees and Costs Pursuant to 29 U.S.C. § 216(b) (Doc. 42) be **DENIED WITHOUT PREJUDICE** as premature.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**I.     Background**

On August 4, 2016, Plaintiff Ronald O'Connor brought the current action for alleged minimum wage violations under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*, the Florida Minimum Wage Act, Fla. Stat. § 448.110, and the Florida Constitution, Art. X, § 24, both as an FLSA collective action pursuant to 29 U.S.C. § 216(b) and as a class action pursuant to Fed. R. Civ. P. 23.  (*See generally* Doc. 1).  Subsequently, Plaintiff Ronald O'Connor and Opt-in Plaintiff Jordan Garrett filed consent forms to join this action.  (Docs. 16, 20).

Plaintiffs were pizza delivery drivers for Defendant Worthington PJ, Inc.  (Doc. 36 at 11).[2]  Defendant operates three Papa John's Pizza franchises in North Fort Myers, North Port, and Haines City, Florida.  (*Id.*).  The Complaint alleges that Defendant failed to provide reasonable reimbursement for vehicle expenses Plaintiffs incurred while they delivered pizzas for Defendant.  (*Id.*).  Based on the low reimbursement for deliveries, the Complaint alleges that "the Plaintiffs' (and the Class members') wages fell below the applicable Florida minimum wage as well as the federal minimum wage." (*Id.*).  Plaintiffs also alleged that "Defendant paid them below the applicable minimum wage rates when they performed non-tip-generating tasks in Defendant's restaurant, like folding pizza boxes or cleaning." (*Id.*).

On October 11, 2016, Defendant filed an answer to Plaintiffs' Complaint, denying all liability for the alleged minimum wage violations.  (*See* Doc. 17).  After this time, the parties met on December 21, 2016 for "a face-to-face meeting at Defense Counsel's Tampa, Florida office to discuss options to resolve the case." (Doc. 36 at 11).  While an agreement was not reached at that time, the parties state that "the foundation for meaningful future settlement

---

[2] The facts are set forth in the parties' Joint Motion.  As a Joint Motion, the facts are uncontroverted.  Additionally, the Undersigned cites to the pagination in CM/ECF, not the parties' pagination.

conversations was established." (*Id.*). The parties continued settlement discussions and eventually reached a mutually agreeable settlement. (*Id.*). The executed Settlement Agreement and Release is attached as an exhibit to the Joint Motion. (*See* Doc. 36-3).

In pertinent part, for settlement purposes only, Defendant stipulated to the certification of a Rule 23 settlement class defined as "all current and former delivery drivers employed by Defendant in the State of Florida from August 4, 2012 through the date the Court enters an order of preliminary approval." (*Id.* at 11-12; *see also* Doc. 36-3 at 6). Additionally, in exchange for released claims, Defendant agreed to pay Plaintiffs and each class member $6.07 per week worked as a delivery driver. (Doc. 36 at 20; Doc. 36-3 at 6). Of note, however, while the Complaint asserted claims both as a collective action pursuant to 29 U.S.C. § 216(b) and as a class action pursuant to Fed. R. Civ. P. 23, the Settlement Agreement only contemplates a settlement of this case as a class action. (*See* Doc. 36-3). The Settlement Agreement (Doc. 36-3) and the parties' Joint Motion (Doc. 36) do not purport to settle any claims as a collective action under 29 U.S.C. § 216(b). Moreover, the parties did not reach an agreement regarding attorneys' fees payable to Plaintiffs' counsel. (*See* Doc. 36 at 12). Plaintiffs filed a separate motion directed at the issue of attorneys' fees. (*See* Doc. 42).

The parties state that "[t]his was a hard fought case," which "involved a number of disputed factual and legal issues" and which "required significant research and discussion." (*Id.*). The parties contend that they have "demonstrated civility, but zealously advocated their position on every disputed issue, from liability, to class membership and class certification, to the reasonableness of Defendant's reimbursement amounts, and to damages." (*Id.*). The parties further state that "[m]any allegations in Plaintiffs' Complaint remain in dispute. However, the Parties recognize the uncertainty, risk and expense of continued litigation; therefore, they have

3

resigned to a fair and reasonable settlement in lieu of continued litigation." (*Id.*). As a result, the parties jointly request, pursuant to Fed. R. Civ. P. 23(e), the entry of an Order of Preliminary Approval approving their class Settlement Agreement. (*Id.* at 9). The parties' proposed order is attached as Exhibit 1 (Doc. 36-2) to the Joint Motion.

## II. Discussion

To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees. *Id*. at 1353. The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages. *Id*. When employees file suit, the proposed settlement must be presented to the District Court for its review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit:

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

At this stage, however, the parties are not seeking final approval of their FLSA Settlement Agreement. Instead, the parties request that the Court (1) preliminarily approve their settlement, (2) appoint class representatives, (3) appoint class counsel, and (4) certify a Rule 23 settlement class. (Doc. 36 at 1). The Undersigned addresses these requests, beginning with the request to preliminarily approve the settlement.

### A. Preliminary Approval of Settlement

Fed. R. Civ. P. 23(e) provides the manner by which class actions may be settled. The Rule provides:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
>
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e).

Of note, under the rule, a class action may be settled "only with the court's approval." *Id.* Moreover, final approval of class actions may occur only after class notice and a hearing. *Id.* Getting to final approval, however, is a two-step process that includes (1) preliminary approval

and (2) a subsequent fairness hearing. *See Holman v. Student Loan Xpress, Inc.*, No. 8:08-cv-305-T23MAP, 2009 WL 4015573, at *4 (M.D. Fla. Nov. 19, 2009).

At the first step, preliminary approval, the Court must "make a preliminary evaluation of the fairness of the settlement before directing that notice be given to the settlement class." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646-CIVCOHNSELTZ, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010). As this Court has noted, "[p]reliminary approval is the first step in the settlement process. It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement." *Pierre-Val v. Buccaneers Ltd. P'ship*, No. 8:14-cv-01182-CEH, 2015 WL 3776918, at *1 (M.D. Fla. June 17, 2015). "After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input." *Id.* (citing *Newberg on Class Actions* at § 11.25).

"Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." *Smith*, 2010 WL 2401149, at *2 (citations omitted). "Preliminary approval of a settlement agreement requires only an 'initial evaluation' of the fairness of the proposed settlement on the basis of the written submissions." *Pierre-Val*, 2015 WL 3776918, at *1 (citing *Clark v. Ecolab, Inc.*, No. 04 CIV. 4488 (PAC), 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009). Indeed, this Court has stated that "[a] proposed settlement should be preliminarily approved if it is 'within the range of possible approval' or, in other words, [if] there is 'probable cause' to notify the class of the proposed settlement." *Id.* (citing *Fresco v. Auto Data Direct, Inc.*, No. 0361063CIV-MARTINEZ, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007)). Other federal district courts in Florida have similarly stated that "[p]reliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Fuentes Cordova v. R*

*& A Oysters, Inc.*, No. CV 14-0462-WS-M, 2016 WL 5219634, at *1 (S.D. Ala. Sept. 12, 2016) (citing *Smith*, 2010 WL 2401149, at *2). If the proposed settlement agreement is within the range of possible final settlement approval, then notice to the class is appropriate. *See Pierre-Val*, 2015 WL 3776918, at *2.

Upon consideration of the parties' filings, the Undersigned finds that the proposed Settlement Agreement and Release (Doc. 36-3) is not obviously deficient. *See Smith*, 2010 WL 2401149, at *2. To the contrary, the proposed settlement appears to be the result of the parties' good-faith negotiations. *See Fuentes Cordova*, 2016 WL 5219634, at *1. Moreover, the settlement appears to fall within the range of reason. *See id.* Accordingly, the Undersigned finds that notice to the class is appropriate. *See Pierre-Val*, 2015 WL 3776918, at *2.

In coming to this conclusion, the Undersigned gives great weight to the materials submitted by the parties. For instance, the parties jointly contend that the proposed settlement "was achieved through arms'-length negotiations after a full evaluation of the strengths and weaknesses of their respective positions." (Doc. 36 at 17). Similarly, the parties claim that the Settlement Agreement was executed only after counsel conducted appropriate investigation and fact-finding regarding the strengths and weaknesses of Plaintiffs' claims. (*Id.*). Moreover, the parties' filings show that Plaintiffs' counsel has substantial experience in FLSA collective actions and wage and hour class action cases. (*See* Doc. 36-6; Doc. 36-7). Based on these filings, the Undersigned finds that the parties' and their attorneys' statements – that the proposed Settlement is fair, reasonable, and adequate – are highly persuasive at this preliminary stage. (*See* Doc. 36 at 17).

Similarly, in looking at the gross amount of the proposed award to the prospective class members, $35,250.00, the Undersigned cannot find the amount obvious deficient, nor can the

Undersigned find that the settlement falls outside the range of reason.  *See Fuentes Cordova*, 2016 WL 5219634, at *1.  Nevertheless, before the Court will enter an Order of final approval, the parties must be prepared to explain why the proposed award to each prospective class member of $6.07 per week worked as a pizza delivery driver for Defendant is fair.  (Doc. 36 at 20; Doc. 36-3 at 6).

On this point, the Undersigned notes that, while the parties provided extensive arguments regarding the adequacy of the settlement terms, the parties provided virtually no explanation as to why $6.07 per week sufficiently compensates the prospective class members.  (*See* Doc. 36 at 18-21).  By way of example, Plaintiff O'Connor stated in the Complaint and in his answers to the Court's interrogatories that he was underpaid by more than $2.25 per delivery and that he averaged three deliveries per hour.  (Doc. 1 at 6; Doc. 21 at 2).  Similarly, Opt-in Plaintiff Garrett indicated that he was underpaid $2.25 per delivery and averaged three deliveries per hour.  (Doc. 22 at 2).  Using these numbers, the award to the class members amounts to less than three deliveries per week worked.  Granted, the Court does not have the benefit of seeing all of the evidence and arguments.  Thus, the proposed award may, in fact, be reflective of a fair amount to be paid to the class.  Nevertheless, the Undersigned expects more information to be provided at a fairness hearing.  At this time, however, the Undersigned cannot conclude that the settlement falls outside the range of reason.  *See Fuentes Cordova*, 2016 WL 5219634, at *1.

Based on the foregoing, the Undersigned finds, at this preliminary stage, that the settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed settlement class, provided – as explained below – that the other provisions of Rule 23 are met.

**B.     Certification of a Rule 23 Settlement Class**

While Fed. R. Civ. P. 23(e) allows class actions to be settled, the Undersigned notes that Rule 23(e) only permits settlements for certified classes. *See id.* Nonetheless, district courts are given discretion to certify a class under Rule 23 of the Federal Rules of Civil Procedure. *Cooper v. S. Co.*, 390 F.3d 695, 711 (11th Cir. 2004); *see also Pierre-Val*, 2015 WL 3776918, at *1. Using this discretion, this Court has previously permitted provisional certification of "settlement classes" because doing so helps to avoid "the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing." *Pierre-Val*, 2015 WL 3776918, at *2 (citing *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 790 (3d Cir. 1995)). Indeed, this Court has provisionally certified classes "for settlement purposes only" pursuant to Rule 23(e). *See id.* (certifying a settlement class of cheerleader employees of Defendant Buccaneers Limited Partnership).

Here, the parties request certification of the following settlement class:

> All persons who worked for Worthington PJ, Inc. at its Papa John's franchises as delivery drivers at any time from August 4, 2012 through the date of the Court enters an order of preliminary approval.

(Doc. 36 at 11-12; *see also* Doc. 36-2 at 5).

In evaluating the proposed settlement class, the Undersigned notes that, under Rule 23, all putative classes "must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." *Calderone v. Scott*, 838 F.3d 1101, 1104 (11th Cir. 2016) (citation omitted). "Rule 23(a) requires every putative class to satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation." *Id.* Rule 23(b) specifies the types of class actions that may be maintained if

9

Rule 23(a) is satisfied. While the requirements of Rule 23(a) and 23(b) still apply to settlement classes, the Court may provisionally find, for settlement purposes only, that those requirements are met. *See Pierre-Val*, 2015 WL 3776918, at *2. The Undersigned addresses these requirement in turn below.

First, in evaluating the requirements of Rule 23(a), the Undersigned finds that, preliminarily and for settlement purposes only, Plaintiffs satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1). Here, there are a significant number of class members between Defendant's three locations, making joinder impracticable. *See Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members).

Second, the Undersigned finds that, preliminarily and for settlement purposes only, Plaintiffs satisfy commonality under Federal Rule of Civil 23(a)(2). Here, Plaintiffs and the class members share common issues of fact and law, including whether Defendant failed to pay proper minimum wages in violation of federal and state wage and hour laws. *See Pierre-Val*, 2015 WL 3776918, at *2 (citations omitted).

Third, the Undersigned finds that, preliminarily and for settlement purposes only, typicality is met under Federal Rule of Civil 23(a)(3). Plaintiffs' claims are typical of the settlement class because they concern the same alleged pay policies and practices of Defendant, arise from the same legal theories, and allege the same types of harm and entitlement to relief. *See Pierre-Val*, 2015 WL 3776918, at *2.

Finally, the Undersigned finds that, preliminarily and for settlement purposes only, adequacy of representation is satisfied pursuant to Rule 23(a)(4). Here, there are no apparent conflicts of interest between Plaintiffs and the settlement class. *See Pierre-Val*, 2015 WL

3776918, at *3. Additionally, Plaintiffs' filings show that they have retained competent counsel to represent them and the settlement class. (*See* Doc. 36-6; Doc. 36-7). Specifically, Plaintiffs' counsel regularly engages in wage and hour class action litigation and other complex litigation similar to the present action. (*See id.*). Moreover, it is clear that counsel has dedicated substantial resources to the prosecution of this action. (*See id.*). At this stage, Plaintiffs and their counsel have vigorously and competently represented the settlement class members' interests in the action and, therefore, meet the standard for adequacy of representation. *See Pierre-Val*, 2015 WL 3776918, at *3 (citations omitted).

In addition to the requirements of Rule 23(a), Plaintiffs must also satisfy at least one of the requirements set forth in Rule 23(b). *Calderone*, 838 F.3d at 1104. Here, the parties argue that Rule 23(b)(3) is satisfied for settlement purposes. (Doc. 36). After review, the Undersigned agrees and finds that, preliminarily and for settlement purposes only, the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the settlement class members in a single, coordinated proceeding is superior to individual lawsuits addressing the same legal and factual issues. *See Pierre-Val*, 2015 WL 3776918, at *3 (citations omitted).

Based on the foregoing and being otherwise fully informed, the Undersigned finds that, preliminarily and for settlement purposes only, the parties have satisfied the requirements of Fed. R. Civ. P. 23. The Undersigned, therefore, recommends that the settlement class be provisionally certified.

### C. Appointment of Class Counsel and Class Representatives

Having recommended provisional certification of a settlement class, the Undersigned next addresses the appointment of class counsel and class representatives. Upon consideration of

the parties' filings and based on the discussion above regarding adequacy of representation, the Undersigned recommends that Plaintiff Ronald O'Connor and Opt-in Plaintiff Jordan Garret be appointed as representatives of the settlement class. The Undersigned further recommends that Sommers Schwartz, P.C. and Butcher & Associates, P.L. be appointed as class counsel for the Plaintiffs and the settlement class.

### D. Class Notice

Fed. R. Civ. P. 23(e)(1) provides that, before the Court may approve a settlement, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." To facilitate this requirement, the parties provided a proposed notice to the Court. (Doc. 36-4).

The Undersigned reviewed the parties' proposed notice and notes that it is similar to notices this Court has previously approved. *See Signorelli v. Utiliquest, LLC*, No. 5:08-cv-38-OC-10GRJ, 2008 WL 7825757, at *2 (M.D. Fla. July 25, 2008). For instance, like the proposed notice in *Signorelli v. Utiliquest, LLC*, the parties' proposed notice informs the class members of the terms of the Settlement Agreement, the process available to them to obtain monetary relief, their right to opt out of the monetary provisions and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. *See id.*

Upon consideration and given the similarity of the proposed notice to past notices approved by this Court, the Undersigned finds that the proposed Class Notice – attached as Exhibit "B" to the Settlement Agreement (Doc. 36-4) – satisfies the requirements of Fed. R. Civ. P. 23(e)(1). Thus, the Undersigned recommends that the parties' proposed Notice (Doc. 36-4) be approved.

### E. Fairness Hearing

As stated above, final approval of class actions is a two-step process that includes (1) preliminary approval and (2) a subsequent fairness hearing. *See Holman*, 2009 WL 4015573, at *4. The parties have adequately demonstrated that their settlement should be preliminarily approved. Thus, if the District Judge adopts this Report and Recommendation, then the Court will need to set a fairness hearing. To facilitate the final resolution of this case, if the District Judge adopts this Report and Recommendation, then the Undersigned affirmatively recommends that a fairness hearing be set approximately 120 days after the entry of any Order granting the parties' Joint Motion.

### F. Entry of the Parties' Proposed Order

The parties' Joint Motion specifically requests that the Court "enter an Order consistent with the Proposed Order of Preliminary Approval attached as *Exhibit 1*." (Doc. 36 at 24). The Undersigned has reviewed the parties' proposed Order. (*See* Doc. 36-2). Upon consideration, the Undersigned finds that the parties' proposed Order Granting Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 36-2) adequately sets forth the findings made herein and fully addresses the requirements for preliminary approval of a class action settlement under Fed. R. Civ. P. 23(e) and the applicable case law. Accordingly, the Undersigned finds that Plaintiffs' Motion is due to be granted and, therefore, recommends that the Court enter the parties' proposed Order Granting Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 36-2).

Notwithstanding this recommendation, the Undersigned must highlight one issue in the proposed order. Specifically, the proposed order indicates that the Court will "retain[] jurisdiction for purposes of implementing the Settlement." (Doc. 36-2 at 11). While the Court

will, of course, retain jurisdiction during the pendency of this case, the Court typically will not retain jurisdiction after judgment has been entered absent a showing of good cause. Subject to this clarification and modification, the Undersigned recommends that the Court enter the parties' proposed Order Granting Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 36-2).

### III.     Plaintiffs' Motion for Attorneys' Fees (Doc. 42)

As a final matter, the Undersigned addresses Plaintiffs' Motion for Attorneys' Fees (Doc. 42). Plaintiffs seek attorneys' fees for their attorneys' representation of Plaintiffs and the class in the current litigation pursuant to 29 U.S.C. § 216(b) as the prevailing party. (Doc. 42 at 8). Upon consideration of the parties' filings, however, the Undersigned finds that Plaintiffs' Motion is premature.

In general, as explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*. Here, the amount of attorneys' fees clearly has not compromised the amount paid to Plaintiffs because the parties did not agree on an amount of attorneys' fees. *See id.*

Nonetheless, the Undersigned notes that, in typical FLSA cases, parties seek attorneys' fees at the conclusion of the litigation, or at least at the point where the litigation would be concluded with the granting of a motion for approval of an FLSA settlement agreement. In this case, however, the litigation is not at its conclusion. Indeed, if the District Judge adopts this Report and Recommendation, then the parties, and their counsel, will undertake significant additional actions, including drafting a motion for final approval, conducting a fairness hearing, and ensuring the settlement class is paid. (*See* Doc. 36-2). In fact, if the Court were to award attorneys' fees now, then the Court would likely be in the position of dealing with additional motion(s) for attorneys' fees regarding all subsequent work performed by Plaintiffs' counsel. Conversely, if the District Judge declines to adopt this Report and Recommendation, then the case may proceed in the normal course to trial, meaning that Plaintiffs have not yet prevailed in this action. In any event, much is still yet to occur.

While the Undersigned is cognizant of the significant time and effort the parties put into the issue of attorneys' fees, for the reasons explained above, the Undersigned cannot recommend an award of attorneys' fees at this time. Accordingly, the Undersigned recommends that Plaintiffs' Motion for an Award of Attorneys' Fees and Costs Pursuant to 29 U.S.C. § 216(b) (Doc. 42) be denied without prejudice as premature. The Undersigned recommends that Plaintiffs be permitted to file a renewed motion for attorneys' fees at the conclusion of this litigation, if appropriate.

## IV. Conclusion

Accordingly, for the reasons explained above, the Undersigned **RESPECTFULLY RECOMMENDS**:

1) That the Joint Motion for Preliminary Approval of Settlement, Appointment of Class Representatives and Class Counsel, and Certification of Rule 23 Settlement Class (Doc. 36) be **GRANTED**.

2) That the parties' proposed order (Doc. 36-3) attached to their Motion be entered by the Court.

3) That the parties' proposed Notice (Doc. 36-4) be approved.

4) That the Court set a fairness hearing approximately 120 days after the entry of an Order granting the parties' Joint Motion.

5) That Plaintiff's Motion for an Award of Attorneys' Fees and Costs Pursuant to 29 U.S.C. § 216(b) (Doc. 42) be **DENIED WITHOUT PREJUDICE** as premature as to Plaintiffs' ability to file a renewed motion for attorneys' fees at the conclusion of this litigation, if appropriate.

Respectfully recommended in Chambers in Fort Myers, Florida on December 13, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties