UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD O'CONNOR, individually, and
on behalf of others similarly situated

       Plaintiff,

v.                             Case No: 2:16-cv-608-FtM-38MRM

WORTHINGTON PJ, INC.,

       Defendant.
_____/

## AMENDED[1] PRELIMINARY APPROVAL ORDER[2]

This case involves claims relating to alleged minimum wage violations under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq., the Florida Minimum Wage Act, Fla. Stat. § 448.110, and the Florida Constitution, Art. X, § 24, as both a collective action and Rule 23 class action. The terms of the settlement are set out in the Settlement Agreement fully executed by the proposed Class Representatives, Ronald O'Connor and Jordan Garrett, and Defendant Worthington PJ, Inc. Pursuant to the parties' motions (Doc. 36; Doc. 54), the Court has preliminarily considered the Settlement to determine, among other things, whether the Settlement Agreement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. As discussed below,

---

[1] The Court amends its previous Preliminary Approval Order (Doc. 52) consistent with the parties' requested relief (Doc. 54). With the exception of the requested amendments, the Preliminary Approval Order remains unchanged.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

the Court preliminarily approves the parties' settlement in this Amended Preliminary Approval Order and sets the following schedule for the further approval and administration of the settlement:

| Event | Deadline |
|---|---|
| Defendants must provide Class Counsel with class list and addresses for Class Notice to be mailed. | February 22, 2018 |
| Deadline for Class Counsel to mail Class Notice, Class Forms, and Opt-Out Forms ("Mailing Date") | March 2, 2018 |
| Deadline for Potential Claimants to post-mark Opt-Out Forms and Objections ("Opt-out Deadline") | April 16, 2018 |
| Deadline for Potential Claimants to post-mark Claim Forms ("Claim Deadline") | May 1, 2018 |
| Deadline for Parties to file response to objections | May 8, 2018 |
| Deadline for Class Counsel to provide list of Claimants to Parties | May 11, 2018 |
| Motion for Final Approval | April 20, 2018 |
| Final Fairness Hearing | TBD by United States Magistrate Judge Mac R. McCoy |
| Entry of Final Approval Order | TBD by Court |
| Effective Date | Within the later of 30 days after (1) the Final Approval Order; (2) the dismissal of any timely filed appeal; or (3) a final appellate judgment |
| Deadline for Defendant to Fund Claims | Within 14 days of Effective Date |
| Deadline for Settlement Administrator to mail individual payments to each Participant Claimant | Within 30 days of Effective Date |

Upon reviewing the parties' Joint Motion to Amend the Preliminary Settlement Approval, it is **ORDERED** as follows:

1. **Class Findings:** Solely for the purposes of the Settlement, the Court finds that the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law have been met as to the Settlement Class defined in paragraph 2 below, in that:
   a. The Court preliminarily finds, for purposes of settlement only, that the Plaintiff Ronald O'Connor and Opt-in Plaintiff Jordan Garrett have standing to represent the Settlement Class because they have potentially suffered damages and are members of the Settlement Class;
   b. The Court preliminarily finds, for purposes of settlement only and as required by Fed. R. Civ. P. 23, that the Settlement Class is ascertainable from records kept by Defendant with respect to its employees and from other objective criteria, and that the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;
   c. The Court preliminarily finds, for purposes of settlement only and as required by Fed. R. Civ. P. 23, that there are one or more questions of fact and/or law common to the Settlement Class;
   d. The Court preliminarily finds, for purposes of settlement only and as required by Fed. R. Civ. P. 23, that Plaintiffs' claims are typical of the claims of the Settlement Class;
   e. The Court preliminarily finds, for purposes of settlement only and as required by Fed. R. Civ. P. 23, that Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that (i) the interests of the Plaintiffs and the nature of their alleged claims are consistent with those of

the members of the Settlement Class, (ii) there appear to be no conflicts between or among Plaintiffs and the Settlement Class, and (iii) Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex consumer class actions; and

    f. The Court preliminarily finds, for purposes of settlement only and as required by Fed. R. Civ. P. 23, that maintaining Plaintiffs' claims as a class action is superior to other available means of adjudication in promoting the convenient administration of justice.

2. **Class Certification:** The Court, in conducting the settlement approval process required by Fed. R. Civ. P. 23 certifies, for purposes of settlement only, the following Settlement Class:

> *All persons who worked for Worthington PJ, Inc. at its Papa John's franchises as delivery drivers at any time from August 4, 2012 through March 31, 2017.*

The Court also appoints the named Plaintiff Ronald O'Connor and Opt-in Plaintiff Jordan Garret to be representatives for the Settlement Class, and it appoints Sommers Schwartz, P.C. and Butcher & Associates, P.L. as Class Counsel for the Plaintiffs and the Settlement Class. This certification of a preliminary Settlement Class pursuant to the terms of the Settlement Agreement shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against Defendant, that (except for the purposes of the Settlement) this case or any other action is appropriate for class treatment under Fed. R. Civ. P. 23.

3. **Class Counsel:** Counsel for Plaintiffs/Class Counsel will perform the settlement administration functions on this matter including sending notice to class members and receiving and processing claims forms.

4. **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that (a) the proposed Settlement resulted from extensive arms'-length negotiations, (b) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and fact-finding regarding the strengths and weaknesses of Plaintiffs' claims, (c) Class Counsel, having substantial experience in FLSA collective actions and wage and hour class action cases, concluded that the proposed Settlement is fair, reasonable and adequate, and (d) the proposed Settlement is sufficiently fair, reasonable and adequate to warrant sending notice of the proposed Settlement to the Settlement Class. Having considered the Settlement Agreement under the recommended standards for preliminary approval of settlements per the applicable law, the Court finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the Settlement must be given notice and an opportunity to be heard regarding final approval of the Settlement and other relevant matters.

5. **Class Notice:** Plaintiffs and Class Counsel have presented to the Court a proposed Class Notice (Doc. 36-4). The Court finds that such forms satisfy the requirements of Fed. R. Civ. P. 23 as it fairly and adequately, (a) describes the terms and effect of the Settlement Agreement, the Settlement and the Plan of Allocation, (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees and reimbursement of expenses separate from the Settlement Fund, payment

of Settlement Administration expenses in an amount not to exceed $3,000.00, and for Service Awards to the Class Representatives in the amount of $1,250.00 each for their service in such capacities, to be paid out of the Gross Settlement Fund, (c) gives notice to the Settlement Class of the time and place of the fairness hearing, and (d) describes how the recipients of the Class Notice may object to any of the relief requested. Plaintiffs and Class Counsel propose first class mail to communicate the notice to members of the Settlement Class. The Court finds that such a method is the best notice practicable under the circumstances, which is summarized as follows:

6. **Attorneys' Fees and Costs and Named Plaintiff Incentive Awards:** The parties agree that Class Counsel will seek approval of attorney fees and reimbursement of expenses separate and apart from the present motion and the Gross Settlement Fund. The Court will review Class Counsel's request for attorney fees and reimbursement of expenses, including any motion in opposition filed by Defendant, to determine whether Class Counsel's request is fair and reasonable, and award such fees and expenses accordingly. Further, upon consideration of the relevant authorities, the Court preliminarily approves the proposed Class Representatives' service awards as fair and reasonable. This preliminary ruling regarding service awards is subject to final review and approval upon the Court's review of Class Counsel's Motion for Final Approval and consideration of any timely objection from a member of the Settlement Class.

7. **Objections to Settlement:** Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to any

term of the Settlement Agreement may file an objection. An objector must file with the Clerk of Court a statement of his or her objection(s), specifying the reason(s), if any, for each such objection, including any legal support and/or evidence that such objector wishes to bring to the attention of the Court or introduce in support of such objection, as well as information sufficient to show that the objector is a member of the Settlement Class. The objector must also mail copies of the objection and all supporting law and/or evidence to Class Counsel and to counsel for Defendant as directed in the Class Notice. Any objector or his or her counsel (if any) must effect service of copies of the objection on counsel of record and file it with the Court by no later than the date set forth in the schedule above. If an objector hires an attorney to represent him or her to make an objection pursuant to this paragraph, the attorney must effect service of a notice of appearance on counsel listed above and file it with the Court by no later than the date set forth in the schedule above. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement (in this proceeding, on any appeal or in any other proceedings), and any untimely objection shall be barred absent an Order from the Court.

8. **Final Approval Brief:** Counsel shall file their Motion for Final Approval no later than the date set forth in the schedule above.

9. **Fairness Hearing:** A fairness hearing is **REFERRED** to United States Magistrate Judge Mac R. McCoy to recommend, among other things,

7

a. whether the Settlement merits final approval as fair, reasonable and adequate;

b. whether the Action should be dismissed with prejudice pursuant to the terms of settlement;

c. whether the parties' notice method includes: (i) a description of the settlement class; (ii) a description of the proposed settlement; (iii) the names of counsel for the class; (iv) a fairness hearing date; (v) a statement of the deadlines for filing objections to the settlement, and for filing requests of exclusion; (vi) the consequences of such exclusion; (vii) the consequences of remaining in the settlement class; (viii) a statement of the estimated claims administration costs sought; and (ix) information on how to obtain further information;

d. whether Class Counsel adequately represented the Settlement Class for purposes of entering into the Settlement;

e. whether the proposed Plan of Allocation should receive final approval pursuant to Rule 23;

f. whether the Court's preliminary finding of Class Counsels' separate fee award and expense reimbursement award is reasonable in this case should receive final approval; and

g. whether the Court's preliminary finding that the proposed Class Representatives Incentive Awards are reasonable should receive final approval.

The parties must contact Judge McCoy's Chambers to arrange a mutually agreeable time to participate in the fairness hearing.

10. **Appearance at Fairness Hearing:** If any objector files and serves a timely and valid written objection in accordance with the requirements above and the Court sets a hearing, he or she may appear at the fairness hearing either in person or through qualified counsel retained at their own expense. Objectors or their attorneys intending to appear at the fairness hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney), and information sufficient to show that the objector is a member of the Settlement Class, on Class Counsel and Defendant's counsel (at the addresses set out above) and file it with the Clerk by no later than the date set forth in the schedule above. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the fairness hearing, except by Order of the Court.

11. **Class Notice Expenses:** The expenses of printing and mailing and publishing all notices required shall be paid as described in the Settlement Agreement.

12. **Service of Papers:** Defendant's counsel and Class Counsel shall promptly furnish each other with copies of any objections that come into their possession, and shall make sure the same are electronically filed with the Court.

13. **Termination of Settlement:** This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the parties, all of whom shall be restored

to their respective positions prior to the Settlement, if the Settlement is terminated in accordance with the terms of the Settlement Agreement or otherwise fails to become final and binding on the Parties, inclusive of any appeal.

14. **Use of Order:** This Order is not admissible as evidence for any purpose against Defendant or any current or former affiliate, officer, director or agent of Defendant, in any pending or future litigation involving any of the parties or otherwise. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant or any current or former affiliate, officer, employee or agent of Defendant of any fault, wrongdoing, breach, or liability and the Defendant specifically denies any such fault, breach, liability or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendant to class certification, in the event that the Settlement Agreement is terminated. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken there under shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth

of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

15. **Bar Order:** Pending final determination of whether the Settlement should be approved, Plaintiffs, Defendant, and all members of the Settlement Class are each barred and enjoined from instigating, instituting, commencing, maintaining or prosecuting any action in any court or tribunal that asserts any Released Claim against any Released Party, as those terms are defined in the Settlement Agreement.

16. **Continuance of Hearing**: The Court reserves the right to continue the Fairness Hearing without further written notice.

17. This Order does not resolve the last pending claim or close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of February 2018.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record